810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert ARMS, Petitioner-Appellant,
v.
STATE OF TENNESSEE, Respondent-Appellee.
 No. 85-5759.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1986.
 
 Before MARTIN, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Arms, appeals the denial of his petition for a writ of habeas corpus. On appeal he raises two issues: (1) the district court erred in failing to appoint counsel and (2) the district court erred in rejecting petitioner's claim of ineffective assistance of counsel.[1]
 
 
 2
 Finding no merit to either of these contentions, we affirm.
 
 I.
 
 3
 Arms was convicted in November of 1980 by a Jefferson County, Tennessee jury of two counts of armed robbery.[2] Appeals through the state court system resulted in affirmance of these convictions. In October of 1982 Arms filed a petition for post conviction relief alleging ineffective assistance of counsel. Arms was represented by counsel in these post conviction proceedings and an evidentiary hearing was held. The trial court refused relief as did the Tennessee Court of Criminal Appeals. The Tennessee Supreme Court denied permission to appeal. Arms then sought habeas relief from the District Court for the Eastern District of Tennessee. He also moved to have counsel appointed and this motion was denied. The habeas petition was referred to a magistrate who recommended that it be denied. The district court adopted the recommendation of the magistrate which was primarily predicated upon a finding that since the only claim made was ineffective assistance of counsel and Arms had made no showing of prejudice that he was not entitled to relief. Strickland v. Washington, 466 U.S. 668 (1984).[3]
 
 II.
 
 4
 Arms' argument as it relates to failure of the district court to appoint habeas counsel is tied in to his argument on the ineffective assistance of counsel issue. He argues in essence that the requirement of Strickland --that even if there is ineffective assistance of counsel one must still show prejudice--is a sophisticated one and it is necessary to have counsel to develop this argument.
 
 
 5
 Since it is discretionary with a district court as to whether to appoint counsel in a habeas procedure, we review on an abuse of discretion standard and denial of counsel will not be overturned "unless it would result in fundamental unfairness infringing on due process rights." Maclin v. Freake, 650 F.2d 885 (7th Cir.1981).
 
 
 6
 Arms already had an evidentiary hearing with counsel on the issue of ineffective assistance of counsel in his state post-conviction proceedings. Arms claimed not only ineffective assistance of trial counsel but appellate counsel as well in the state proceedings. The magistrate and the district court had the benefit of the record from this hearing as well as from the original trial.
 
 
 7
 Determining whether prejudice occurred is a matter of reviewing all of the evidence presented against the defendant and weighing it against the alleged ineffectiveness claims. There is little if anything that would have added to the district court's understanding of the claims by appointing counsel. We find no abuse of discretion in the court denying counsel here.
 
 III.
 
 8
 Petitioner's substantive claim of ineffective assistance of counsel at the trial level is based upon two occurrences: (1) claimed ineffective cross-examination of witness Dean Smith relative to footprints found at the crime scene, and (2) an alleged failure to cross-examine witnesses who were presented by the state to show the unavailability of a witness as a predicate to reading that witness' testimony taken in petitioner's first trial.
 
 
 9
 In arguing that the district court should have specifically addressed these alleged discrete instances of ineffective assistance of counsel rather than just deciding no prejudice--petitioner misconceives the nature of the prejudice inquiry. One method of showing no prejudice is to show that even if there was a trial error that the total evidence was so overwhelming against a defendant that the error or lapse in performance of counsel becomes insignificant in the context of the whole trial. Another way of concluding no prejudice, however, arises in the situation where a petitioner claims his counsel failed to do something but does not indicate how the result would differ if he had. Such is the case here. Petitioner's son testified against him at the first trial. He testified that he and his father committed the offense together and explained in detail the manner in which it was carried out. At the second trial the son, Michael Arms, was unavailable and the prosecution sought to use the testimony from the first trial. In order to do so they had to satisfy the Tennessee equivalent of Fed.R.Evid. 804(a)(5) relative to witness unavailability.[4] The state called several witnesses to testify to the unsuccessful efforts made to locate Michael Arms. Although petitioner's counsel made hearsay objections to Michael Arms' testimony, he did not cross-examine the "unavailability" witnesses. Although petitioner labels the failure to cross-examine "ineffective assistance" he does not claim that the witnesses were lying, mistaken, lacking in knowledge or anything else that would form a basis for cross-examination. He makes no claim that he knew where his son was. Thus, on the record there is no basis for concluding any prejudice because there is no suggestion as to what cross-examination would have accomplished.[5]
 
 
 10
 Similarly, on the issue of the nature of the cross-examination of the deputy sheriff who testified as to footprints--we are not told what effect a different type of cross-examination might have produced. Instead we have the classic type of post performance critique that is condemned in Strickland.
 
 
 11
 Lastly, petitioner argues that his appellate counsel was ineffective since he dealt with petitioner's wife who had retained him rather than petitioner. Here again we are not told how petitioner was prejudiced by this fact. He does suggest that appellate counsel did not raise the issue on direct appeal of his trial counsel's failure to call a certain witness. The problem with this argument is that since it does not go to the merits of petitioner's guilt or innocence it is arguably best raised in a collateral attack through past conviction proceedings which is exactly what petitioner did. Arms had a full airing of this issue.
 
 As the Supreme Court stated in Strickland:
 
 12
 "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction...."
 
 
 13
 466 U.S. at 389. Here we have a plethora of second guessing but--as the district court correctly concluded--no showing of prejudice.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Petitioner's appointed counsel raises both of these issues; however, in a separate brief filed on petitioner's behalf by another inmate, only the question of ineffective assistance of counsel is raised
 
 
 [2]
 An earlier trial on the same charge had resulted in a mistrial
 
 
 [3]
 There is no doubt that the approach taken by the magistrate is authorized by Strickland:
 In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ... The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.
 466 U.S. at 697.
 
 
 [4]
 (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant--
 * * *
 (5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.
 Fed.R.Evid. 804(a)(5).
 
 
 [5]
 It would also appear as a matter of logic that petitioner was the beneficiary of his son's testimony being read rather than presented live